IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH RENALDO IRVING, #N-98579  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | CASE NO. 12-cv-702-JPG |
| ) | |
| CHRISTINE BROWN, DR. SHAH,  ) | |
| NURSE GAYLE, WARDEN GAETZ,  ) | |
| and JANE DOE NURSE LUCAS,  ) | |
| ) | |
| Defendants.  ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

On June 13, 2012, Keith Irving filed suit in this Court under 42 U.S.C. § 1983, alleging violations of his federally secured constitutional rights (e.g., cruel and unusual punishment). Although Plaintiff Irving is no longer incarcerated, his § 1983 claims are based on events that occurred while he was incarcerated at Pinckneyville Correctional Center (Doc. 2). Now before this District Court is Irving's motion for leave to proceed in forma pauperis ("IFP"), i.e., without prepaying the filing fee (Doc. 3) and motion for appointment of counsel (Doc. 4).

Under 28 U.S.C. 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Irving has done so in the instant case. But the Court's inquiry does not end there. 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

The statute requires the Court to dismiss the complaint at any time if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon

which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.*

Irving's complaint survives § 1915 review. His sworn IFP motion establishes that he is indigent for purposes of IFP review. Nothing indicates that his action is frivolous or malicious. The named defendants are not immune from relief. And at this point, the Court cannot conclude that his action fails to state any claim upon which relief could be granted.

Accordingly, the Court **GRANTS** the motion for pauper status (Doc. 3).

Turning to Plaintiff's motion for appointment of counsel (Doc. 4), there is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following dual inquiries: "(1) has the . . . plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff does not indicate that he has made any effort to retain counsel. With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago*, 599 F.3d at 762-64.

The Court encounters difficulty assessing this factor at this early stage of the litigation. *See Romanelli*, 615 F.3d at 852 (noting infancy of case makes it impossible to make accurate

determination of *pro se* litigant's ability to litigate case).  At this point, Plaintiff's claim does not appear to be factually complex, and he appears to have adequately articulated his legal issues in his complaint.  He alleges that defendants were deliberately indifferent to his medical needs.  Therefore, the Court **DENIES AT THIS TIME** the motion to appoint counsel.  This ruling can be revisited at a later date in these proceedings, and this Order does not prevent Irving from filing another motion for appointment of counsel at an appropriate date in the future.

Finally, **IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendants **BROWN, SHAH, GAYLE, GAETZ,** and **LUCAS**[1]:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in

---

[1]Typically, the Court does not effect service on Jane Doe defendants.  However, as Plaintiff names this Jane Doe as Ms. Lucas (Nurse Practitioner at Pinckneyville), the Court shall serve process on her at the address given by Plaintiff in his complaint.

the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 27, 2012**

*s/J. Phil Gilbert*
**United States District Judge**